# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ELLISON BURNS, SR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV408-072 |
| I.L.A. LOCAL 1414, | ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Ellison Burns, Sr., complains that his union, defendant International Longshoreman Association ("ILA") Local 1414, has discriminated against him in violation of the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964 ("Title VII") in favor of younger, female workers. Doc. 5 at 4. Before the Court is defendant's motion for summary judgment, filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. Doc. 23. For the reasons that follow, defendant's motion should be GRANTED.[1]

---

[1] The Court notes that Burns's response to defendant's motion for summary judgment was titled "plaintiff['s] motion to dismiss defendant['s] summary judgment and brief in support." Doc. 25. The Clerk mistakenly captioned the response as a motion to dismiss, and is hereby **DIRECTED** to correct the docket entry.

## I. LEGAL FRAMEWORK

### A. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure requires a court to enter summary judgment where the record, taken as a whole, establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is 'material' if it might affect the outcome of the case under the governing law. . . . It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the non-moving party." *Baker v. Sears, Roebuck & Co.*, 903 F.2d 1515, 1518 (11th Cir. 1990) (citations omitted).

The moving party "always bears the initial responsibility of informing the [trial] court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has shown that the party bearing the burden of proof at trial lacks evidence on an essential element of his claim, the burden of production shifts to the nonmoving party "to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories,

and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Rule 56(e)).

"Although reasonable inferences to be drawn from the facts must be viewed in the light most favorable to the non-moving party, that party 'must present affirmative evidence in order to defeat a properly supported motion for summary judgment' to show that there is a genuine issue for trial." *Tidmore v. BP Oil Co./Gulf Prods. Div.*, 932 F.2d 1384, 1387 (11th Cir. 1991) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)). A mere scintilla of evidence supporting the non-moving party's position will not fulfill its burden. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). The Court must consider the entire record in the case, not just those portions of the record which have been singled out for attention by the parties. *Baker*, 903 F.2d at 1519.

### B. Title VII and the ADEA

Title VII makes it unlawful for employers "to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to . . . compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, *sex* or

national origin." 42 U.S.C. § 2000e-2(a)(1), *et seq.* (emphasis added). The ADEA provides similar protections for those discriminated against because of their age. 29 U.S.C. § 621, *et seq.* A plaintiff alleging discrimination under either act must show that the employer intended to discriminate against him because of his membership in a particular protected group. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000); *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981) ("The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.").

Where, as here, a plaintiff produces no direct or statistical evidence of discrimination, he must rely on circumstantial evidence from which an inference of intentional discrimination may be drawn. *Armstrong v. Flowers Hosp., Inc.*, 33 F.3d 1308, 1313 (11th Cir. 1994). In such a case, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) (applying framework in Title VII case); *Denney v. City of Albany*, 247 F.3d 1172, 1183 (11th Cir. 2001); *Chapman v. AI Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000) (applying the *McDonnell Douglas* framework to ADEA

4

claims); *Mora v. Univ. of Miami*, 15 F. Supp. 2d 1324, 1333 (S.D. Fla. 1998).

A plaintiff establishes a prima facie case of unlawful discrimination in union employment referrals[2] by demonstrating that (1) he is a member of a protected class, (2) he was qualified and applied for a position for which defendant was seeking applicants, (3) despite his qualifications, he was rejected from the position, and (4) after the rejection, the position remained open and defendant continued to seek applicants from similarly qualified individuals. *Bane v. Sailors' Union of Pac.*, 2008 WL 450036 at *5 (D. Haw. Feb. 19, 2008) (unpublished) (adapting *McDonnell Douglas* framework to union work referral cases); *Brundage v. Int'l Ass'n of Bridge, Structural and Ornamental Ironworkers, Local #401*, 2007 WL 3119856 at *7 (E.D. Pa. Oct. 24, 2007) (unpublished).

If the plaintiff succeeds in proving a prima facie case of discrimination or retaliation, he has established a presumption of unlawful conduct.

---

[2] On the form complaint, Burns checked boxes indicating that the defendant failed to hire or promote him and laid him off. Doc. 5 at 2-3. Looking over the facts of the case, however, it is clear that he was never actually employed by the union, so those claims do not fit. But Title VII and the ADEA both prohibit unions from refusing to refer individuals for employment because of their sex or age, so Burns has successfully alleged a claim for relief. 42 U.S.C. § 2000e-2(c) (Title VII and labor organizations); 29 U.S.C. § 623(c) (ADEA and labor organizations); *see Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 58 n.19 (1974) ("it is noteworthy that Congress thought it necessary to afford the protections of Title VII against unions as well as employers").

*Burdine*, 450 U.S. at 253-54 ("The prima facie case serves an important function in the litigation: it eliminates the most common nondiscriminatory reasons for plaintiff's rejection."). The defendant then has the burden of producing a legitimate, nondiscriminatory reason for the challenged employment action. *See id.* at 254 (emphasizing that defendants' burden is one of production: "[t]he defendant[s] need not persuade the court that it was actually motivated by the proffered reasons"). If a legitimate, nondiscriminatory reason is articulated by the defendants, the plaintiff then has the ultimate burden of proving the reason to be a pretext for unlawful discrimination. *Id.* at 256.

## II. ANALYSIS

Burns alleges that he wants more dock-worker hours at the Port of Savannah but that his union, ILA Local 1414, passes him over for available work, preferring to award hours to younger women.[3] Doc. 5 at 4. Assuming, without deciding, that Burns has stated a prima facie claim,[4]

---

[3] Burns specifically contends that he has been discriminated against in favor of younger women *from Brunswick*. Doc. 5 at 4. Neither Title VII nor the ADEA prevent discrimination in favor of people from another city. Consequently, the Court construes this a general complaint of sex and age discrimination.

[4] Defendant contends that no adverse employment action was taken as defendant was not Burns's employer. Doc. 23 at 5-8. As noted in note 2, *supra*, it is of no

defendant has offered three legitimate, non-discriminatory reasons for its actions, which Burns has failed to rebut.

First, defendant contends that Burns has consistently failed to show up for union "shape ups" where work is assigned, so he has self-limited his access to available hours. Robinson Aff. ¶ 4 (Burns "has failed to report to the ILA 1414 hiring hall on a consistent and regular basis"); *see* Roberts Aff. at ¶ 5 (after Burns filed his EEOC charge, Roberts noted that Burns only appeared for 11 of the 205 shape ups held between April 1, 2008 and May 12, 2008); Montague Aff. ¶ 6 (Burns only appeared for 7 out of 154 shape ups between August 1, 2008 and September 17, 2008). Burns offers only unsupported and largely unintelligible allegations and arguments in his response--he has brought forward no evidence indicating that this reason is pretextual. *See* doc. 25.

Second, defendant contends that Burns has not attained seniority status, so he cannot be assigned work prior to those members--including

---

consequence that defendant did not directly employ Burns--Title VII and the ADEA still bar discriminatory union work referrals. Defendant also contends that Burns was not qualified for the positions he sought. Doc. 23 at 5. They concede, however, that he was not qualified for the *majority* of the available job assignments because he did not hold a jockey truck certification. *Id.* Burns's failure to obtain the jockey truck certification does not equate to a generalized lack of qualification barring his assignment to all jobs that he sought (e.g., forklift and hazmat). Doc. 25 at 2.

7

some younger women--that have maintained over 700 hours of employment per year.[5] Seymore Aff. ¶¶ 8-9 (discussing seniority system); *id.* attachs. A-C (excerpts from seniority system); Eady Aff. ¶ 3 ("Burns has failed to work 700 hours of continuous service as a longshoreman in the Port of Savannah under any contract year from 1989 or any consecutive year.")[6]; *see* Stokes Aff. ¶ 5 (noting that it is possible to seek hours in Port of Brunswick to attain seniority status at the Port of Savannah); Mack Aff. ¶ 3 (same). Again, Burns offers no evidence indicating that this contention is pretextual.[7]

---

[5] Burns may be correct in noting that he has seniority over any Brunswick-based union members (doc. 25 at 3), but that does not mean that he is automatically entitled to employment. Hours must first be awarded to those Savannah workers with seniority. Both the ADEA and Title VII permit employers to apply different standards of compensation or different terms, conditions, or privileges of employment pursuant to a bona fide seniority system. 42 U.S.C. § 2000e-2(h) (Title VII); 29 U.S.C. § 623(f)(2)(A) (ADEA).

[6] Plaintiff alleges that Greg Eady refuses "to inform court of X card seniority women on 2 payrolls at the exact same work time receiving 2 or more payrolls." Doc. 25 at 5. But he does not explain what X card seniority is, much less how it supports a showing of pretext.

[7] Burns attacks the testimony of several of the affiants, arguing that hours are awarded in an unfair manner. Doc. 25 at 4 (William Roberts' "discriminatory unfair hiring favoritism practices to [his] family members is conflicting."); *id.* (Thomas Stokes "received his Savannah hours through favoritism because of his fathers [sic] I.L.A. Local 1414 header status and illegal hiring at the ship around the clock"); *id.* (Taria Mack "received her savannah hours through favoritism and illegal hiring at the ship around the clock."); *id.* at 5 (Ronald Montague "shows total favoritism and discriminatory and unfair hiring practices to his son at the hall and illegal hiring at the ship."). The

Third, defendant avers that Burns is not qualified to perform the majority of the available work. Jackson Aff. ¶ 5 ("The job assignments which the majority of the females are selected to fill require jockey truck class licensed drivers, Mr. Burns has unsuccessfully attempted to pass the jockey truck PIT training course a total of five (5) times."); Seymore Aff. ¶ 7 ("The job of jockey truck driver is one of the most available jobs. . ."); Ambrose Aff. ¶ 4 and attach. A (showing Burns's consistent failure to pass jockey truck certification). As before, Burns has not placed any evidence into the record calling this into doubt.[8]

---

inference is that Burns believes that he cannot meet the seniority requirements based upon this favoritism. But without more, these conclusory, unsworn, and unsupported allegations are inadequate to justify taking this case to trial. *See Tidmore v. BP Oil Co./Gulf Prods. Div.*, 932 F.2d 1384, 1387 (11th Cir. 1991) (must present "affirmative evidence" to survive properly supported motion for summary judgment).

[8] Burns contends that many union members were grandfathered into the PIT system without having to test for jockey truck certification. Doc. 25 at 2 (defendants "refuse and discriminated against my original hiring date certification and discriminated against my grandfather[e]d PIT certification that I should receive like all other equal opportunity employees"); *id.* at 3 ("approximately 60 percent of I.L.A. Local 1414 employees were grandfathered with PIT certification jockey truck, forklift, hazmat."). The record indicates that Burns has serious difficulty handling jockey trucks, and he does not argue otherwise--after all, he failed the certification test five times, even after special training. *See* Jackson Aff. Rather, he insists that he is *entitled* to the certification. Doc. 25 at 3.

Burns has not shown that he is actually capable of safely maneuvering jockey trucks or that those jockey truck drivers who were grandfathered in would not be able to pass the PIT certification test. Accordingly, there is no indication that the grandfathering process was unfair as applied to him; based upon the record, it is entirely

Burns has not provided anything other than argument and unsupported accusation in support of his claim. Consequently, he has not carried his burden of showing that defendant's legitimate non-discriminatory reasons are pretextual and that defendant intentionally discriminated against him in favor of young women.[9] Fed. R. Civ. P. 56(e)(2) ("an opposing party may not rely merely on allegations or denials in its own pleading"). His failure to offer such evidence in response to defendant's summary judgment motion is fatal to his case.[10] *Id.*

---

possible that he just cannot do the work. Moreover, Burns has not placed any evidence in the record showing that the grandfathering benefitted any "younger women," so it does not give rise to an inference of illegal discrimination.

[9] Burns resorts to rhetoric in many instances, but that will not do. Doc. 25 at 4 (Eady "gives misleading information to the National Relations Board (NLRB) and also gives misleading information to EEOC and United States Court System."); *id.* at 5 ("The law offices of Paschal Bignault spin a web of conflict and deceit that produces conflicting statement that produces discrimination and total chaos that violates the Equal Opportunity Employment of the I.L.A. Local 1414"); *id.* ("Plaintiff . . . is an original old union member who joined in 1991 and walk[s] the strike line for justice and equality for all men and women of Local I.L.A. 1414"); *id.* ("In short this is how the overseer whips the house and field, and trains how to scratch their head, smile, bow, bend your knees, and shuffle."). At this stage in the litigation, he bears the burden of producing *evidence,* not rhetoric, supporting his position.

[10] The only sworn evidence Burns refers to in his response is an affidavit from Pauline Myers, which he states shows that there are 985 people in the ILA's work permit section. Doc. 25 at 4. He contends that the number of work permit members contradicts the testimony of several of defendant's affiants, but he does not explain how and it is not clear from the face of the record. *Id.* ("their [sic] is 985 WP in the section the work was not shared equally"); *id.* ("defendant forget that Pauline Myers affidavits and exhibits states their [sic] is 985 WP in section."). For that matter, the Court could not locate Myers's affidavit in the record.

## III. CONCLUSION

Because Plaintiff Ellison Burns, Sr., has not brought forward any evidence raising an inference that defendant intentionally discriminated against him based upon sex or race, defendant International Longshoreman Association Local 1414's motion for summary judgment should be **GRANTED**, and this case should be **DISMISSED** with prejudice.[11]

In addition, the Court notes that this is Burns's third federal law suit regarding I.L.A. Local 1414's referral practices. *See Burns v. I.L.A. Local 1414*, No. CV408-160 (S.D. Ga. Sept. 16, 2008) (Fair Labor Standards Act suit dismissed for failure to state a claim); *Burns v. Zadach*, No. CV408-197 (S.D. Ga. Jan. 20, 2009) (Title VII suit dismissed for failure to submit an

---

The Court explicitly warned Burns that "[s]hould the defendant's motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the defendant's statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial . . . any factual assertions made in defendant's affidavits will be accepted as true and summary judgment will be entered against you." Doc. 7 at 6-7.

[11] To the extent that plaintiff seeks injunctive relief for retaliation, that request for relief should be **DENIED** because Burns never amended his complaint to assert a claim for retaliation or harassment. *See* Doc. 20 (motion to the Court stating "Williams has subject[ed the plaintiff [to] harassment and . . . retaliation during the morning hiring period, Wednesday 10, 2008. I am throwing myself on the mercy of the Court and ask that this unfair hiring practice stop violating my rights please!"). And his motion to "proceed" should be **DENIED** as moot. Doc. 22 ("motion for union plaintiff to proceed with civil action in court in front of the honorable judges").

EEOC right-to-sue letter). Burns is advised that should he continue to waste the Court's time by advancing such baseless suits, the Court will sanction him.

**SO REPORTED AND RECOMMENDED** this <u>  11th  </u> day of March, 2009.

<u>/s/ G.R. Smith</u>
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA